**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Jeremiah P. Baldwin,

    Plaintiff,

    v.

Laina Fetherolf Rogers, *et al.*,

    Defendants.

Case No. 2:25-cv-1040

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Jeremiah P. Baldwin ("Plaintiff"), appearing without the assistance of counsel or the prepayment of fees, sues Vinton County Common Pleas Court Judge Laina Fetherolf Rogers ("Judge Fetherolf Rogers"), Vinton County Prosecutor William Archer, Jr. ("Attorney Archer"), Vinton County Assistant Prosecutor Amanda Miller ("Attorney Miller"), Executive Director of South Central Ohio Job and Family Services, Jody Walker ("Director Walker"), and case worker Shannon Schorr ("Schorr," collectively, "Defendants"), in their individual and official capacities, under 42 U.S.C. § 1983 for violating his right to procedural due process.  Compl., ECF No. 8.  The facts concerning this Complaint overlap with the facts concerning Case No. 2:25-cv-1039, a related case.

## I.  FACTS

Briefly, Plaintiff alleges that Schorr, on behalf of Ohio's Vinton County Child Support Enforcement Agency ("CSEA"), which is managed under the Ohio Department of Job and Family Services ("ODJFS"), sent Plaintiff a letter in

August 2024, informing him that his driver's license would be suspended for failure to pay child support.  Compl. ¶ 9, ECF No. 8.

Plaintiff thereafter moved for injunctive relief in the Vinton County Common Pleas Court.  *Id.* ¶ 11.  That court initially accepted his documents for filing but later returned them to him with the message that the court lacked jurisdiction.  *Id.* ¶ 14.  Plaintiff resubmitted the motions and a petition for review, which the court docketed.  *Id.* ¶¶ 15–16.  The case proceeded, *id.* ¶¶ 17–22, but CSEA had, in the meantime, terminated Plaintiff's driver's license, *id.* ¶ 13.  The state court held one hearing, failed to hold a scheduled second hearing, and ultimately dismissed Plaintiff's case.  *Id.* ¶¶ 23–27.

## II.    PROCEDURAL HISTORY

The Magistrate Judge performed an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the same.  R&R, ECF No. 9. Specifically, the R&R recommends dismissing Plaintiff's procedural due process claims as either not cognizable or barred by immunity.

As for Judge Fetherolf Rogers, the R&R recommends concluding that absolute judicial immunity bars Plaintiff's claim to the extent he sues Judge Fetherolf Rogers in her individual capacity for damages.  R&R 6–9, ECF No. 9. To the extent Plaintiff sues Judge Fetherolf Rogers in her official capacity for damages, the R&R recommends concluding that the claim is barred by sovereign immunity.  *Id.* at 9 (citing *Smith v. Lincoln*, No. 24-1035, 2024 WL 5338140, at *2

(6th Cir. Sept. 18, 2024)).  Finally, Plaintiff failed to allege that Judge Fetherolf Rogers violated a "declaratory decree" or that "declaratory relief was unavailable," so the R&R recommends concluding that the Complaint fails to state a claim for injunctive relief against Judge Fetherolf Rogers.[1]  *Id.* (citing 42 U.S.C. § 1983).

Turning to Attorney Miller, the R&R recommends concluding that absolute prosecutorial immunity bars Plaintiff's claim to the extent he sues Attorney Miller in her individual capacity for damages.  *Id.* at 9–10.  To the extent Plaintiff sues Attorney Miller in her official capacity for damages, the R&R recommends concluding that the claim is barred by sovereign immunity.  *Id.* at 10.  Finally, the R&R recommends concluding that, to the extent Plaintiff sues Attorney Miller for injunctive relief, the Complaint fails to state a claim for violation of procedural due process and fails to allege that Attorney Miller could provide the requested injunctive relief.  *Id.* at 10–11.

The R&R next considered Plaintiff's claim against Attorney Archer.  To the extent Plaintiff sues Attorney Archer in his individual capacity, the R&R

---

[1] To the extent Plaintiff sues Judge Fetherolf Rogers in her individual capacity for injunctive relief, the claim fails for the additional reason that injunctive relief lies only against Judge Fetherolf Rogers, if at all, in her official capacity.  *Cmty. Mental Health Servs. of Belmont v. Mental Health and Recovery Bd. Serving Belmont, Harrison, and Monroe Cntys.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, *i.e.*, his official capacity.").  This principle applies equally to all Defendants; to the extent Plaintiff sues any Defendant for injunctive relief, it is an official-capacity claim.

recommends concluding that Plaintiff failed to state a claim because he did not allege Attorney Archer's personal involvement in any of the underlying events. *Id.* at 11. The R&R recommends dismissing the claim to the extent it is brought against Attorney Archer in his official capacity for damages due to sovereign immunity. *Id.* at 12. Similarly with Attorney Miller, the R&R recommends concluding that Plaintiff failed to allege that Attorney Archer could provide the requested injunctive relief, making an official-capacity claim for injunctive relief improper. *Id.*

The R&R next concludes that the Complaint fails to state an individual- or official-capacity claim against Schorr because Ohio's automatic license-suspension statute is facially constitutional (dooming a facial challenge), and Plaintiff failed to plead that he was deprived of procedural due process before his driver's license was terminated. *Id.* at 13–17.

Finally, with respect to Director Walker, the R&R recommends dismissing the claim for the reasons addressed above in connection with Schorr and—for the individual-capacity claim—for the additional reason that Plaintiff failed to allege any personal involvement by Director Walker. *Id.* at 17.

Moreover, because the Complaint failed to state a claim of procedural due process against any Defendant who is a municipal employee, the R&R recommends concluding that the Complaint fails to state any claim under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). *Id.* at 18–19.

Case No. 2:25-cv-1040                                                      Page 4 of 6

Plaintiff objects.  Obj., ECF No. 10.

### III.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected.

### IV.    ANALYSIS

Although Plaintiff's objections span twenty pages (plus almost eighty pages of exhibits), he fails to directly respond to the legal analysis in the R&R.  Instead, much of the objections chronicle the history of Plaintiff's divorce and child support obligations.  *See generally*, Obj., ECF No. 10.  The rest largely accuse Defendants and others of committing fraud and intentionally depriving him of his constitutional rights.  *Id.*

But Plaintiff cannot add new facts or claims to his Complaint through his objections, and a general objection to the R&R operates as a failure to object.  *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483–84 (6th Cir. 2020) ("Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." (citations omitted)); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.").

Read generously, the Court discerns a single pointed objection to the R&R: no Defendant is entitled to immunity of any kind because they all acted intentionally to violate Plaintiff's rights.  *E.g.*, Obj. 16, ECF No. 10 ("The claim of

Judicial Immunity is false as no act of adjudication between parties or proper due process was conducted and her clear intent was continued fraud against Mr. Baldwin."); *id.* at 20 ("The actions of Shannon Schorr are unconstitutional and criminal thus immunity is nullified."); *id.* ("The intentional denial of constitutional rights nullifies any and all claims of immunity.").

But Plaintiff's assertions of intent do not change the immunity analysis. *E.g., Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("Judicial immunity exists even where a judge acts corruptly or with malice." (citation omitted)); *Huffer v. Bogen*, 503 F. App'x 455, 460 (6th Cir. 2012) ("Immunity applies even where the prosecutor acted wrongfully or maliciously." (citation omitted)).

At bottom, Plaintiff fails to allege a procedural due process claim against any Defendant. Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R. The individual-capacity claims that fail because of absolute immunity are **DISMISSED WITH PREJUDICE**. The facial challenge to the Ohio statute is likewise **DISMISSED WITH PREJUDICE**. The iteration of claims that fail because of sovereign immunity or for failure to state a claim are **DISMISSED WITHOUT PREJUDICE**. The Clerk shall terminate this case. Moreover, because Plaintiff included his social security number within the attachments to his objections, the Court **ORDERS** the Clerk to **SEAL** ECF No. 10-1.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**